2003 ME 144

**MAINE HEALTH ALLIANCE**

v.

**MEDICAL MUTUAL INSURANCE COMPANY OF MAINE.**

Supreme Judicial Court of Maine.

Argued: Nov. 7, 2003.
Decided: Dec. 10, 2003.

Michael R. Gottfried, Esq. (orally), Katherine Young Fergus, Esq., Gregory A. Brodek, Esq., Duane Morris LLP, Bangor, for plaintiff.

James D. Poliquin, Esq. (orally), Christopher C. Taintor, Esq., Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Medical Mutual Insurance Company of Maine (Medical Mutual) appeals from a summary judgment entered in Superior Court (Penobscot County, *Mead, J.*) in favor of Maine Health Alliance (Maine Health) and from the denial of its motion for a summary judgment. Medical Mutual argues that the court erred when it concluded that Medical Mutual has a duty to indemnify for the expenses Maine Health incurs in responding to an investigation performed by the Federal Trade Commission (FTC). Because we conclude that the appeal is taken from a nonfinal judgment, we dismiss it as interlocutory and do not reach the merits.

## I. BACKGROUND

[¶ 2] Maine Health is a nonprofit corporation that provides an integrated healthcare delivery system in Maine. Medical Mutual insured Maine Health under a claims-made insurance policy. In October 2001, the FTC contacted Maine Health by letter and telephone indicating that it was conducting a nonpublic investigation to determine whether Maine Health and others violated the Federal Trade Commission Act, 15 U.S.C. §§ 41–58 (2000), by engaging in an effort to restrain trade. The letter requested Maine Health to voluntarily provide information and documents; specified that the FTC was not then charging or accusing Maine Health of any wrongdoing; and indicated that the FTC may investigate "further" after Maine Health's "prompt submission" of the information and documents requested.

[¶ 3] Maine Health immediately notified Medical Mutual of the FTC investigation and requested Medical Mutual to defend it under the policy. Maine Health subsequently sent a written demand for policy coverage and reimbursement for all costs incurred, past and prospective, in connection with the investigation. Medical Mutual responded by denying coverage for the claim because, in its view, the FTC's notice of investigation did not constitute a claim for damages and was not within the policy's definition of a "claim." Maine Health filed this action seeking damages for a breach of contract and a declaratory judgment.

[¶ 4] The Superior Court granted Maine Health's motion for a summary judgment and denied Medical Mutual's cross motion for a summary judgment. The summary judgment concluded with a direction for a docket entry stating, "[Maine Health's]

Motion for Summary Judgment is granted ... [and Medical Mutual's] Cross–Motion for Summary Judgment is denied." The court did not indicate whether it was granting judgment to Maine Health on its count for breach of contract, its count seeking a declaratory judgment, or both, and was also silent regarding any amount of money damages awarded.

[¶ 5] Following the entry of the summary judgment, Medical Mutual filed a motion to reconsider or amend the judgment. The court denied the motion, stating, "the court declines to amend or alter its earlier ruling, but will amplify it as follows: the Defendant shall have the right to recoup any costs or expenses incurred in defending the claim(s) which are later determined to be excluded by the express terms of the policy." Medical Mutual appeals from the summary judgment.

## II. DISCUSSION

[¶ 6] We do not reach the merits of this appeal because the summary judgment does not resolve all pending claims and is not a final judgment. M.R. Civ. P. 54(b)(1); *see also* DONALD G. ALEXANDER, MAINE APPELLATE PRACTICE § 303(a), at 149 (2003) ("The most common basis for dismissal of appeals under the final judgment rule is a failure to resolve all pending claims."). The summary judgment does not address whether the judgment awarded is on both counts of the complaint or is only a partial judgment. If it is only partial, the summary judgment does not provide direction as to further proceedings. *See* M.R. Civ. P. 56(d) (providing that if the case is not fully adjudicated on the motion, the court's order shall

"direct[ ] such further proceedings in the action as are just.").

[¶ 7] In addition, the subsequent order denying Medical Mutual's motion for reconsideration or to amend the judgment refers to a "later" determination of Medical Mutual's right to recoup costs or expenses, which suggests the possibility of further proceedings as a predicate to a final determination of Medical Mutual's obligations under the policy.[1] Considered together, the summary judgment and the subsequent order do not fully set forth the declaration of the parties' rights or duties as is required of declaratory judgments. *See York Mut. Ins. Co. of Me. v. Mooers,* 415 A.2d 564, 566 (Me.1980); *Murphy v. Maddaus,* 2002 ME 24, ¶ 13, 789 A.2d 1281, 1285 ("[T]he consummating effect of an order, rather than whether it is nominally called a 'judgment' identifies an appealable final judgment.").

[¶ 8] Accordingly, this appeal must be dismissed because we cannot determine from the summary judgment that it resolves all pending claims and is a final judgment.

The entry is:

Appeal dismissed.

---

1. At oral argument, counsel for Maine Health indicated that, subsequent to the court's entry of the summary judgment, Maine Health entered into a consent agreement with the FTC in which it admitted no wrongdoing or liability, and no damages were imposed. This development may be relevant to the right of recoupment recognized by the court in its order denying the motion to reconsider or amend the judgment.