2005 ME 70

**Jane KINNEY**

v.

**MAINE MUTUAL GROUP INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued: April 27, 2005.

Decided: June 15, 2005.

Stephen M. Brett, Esq. (orally), Stephen M. Brett, LLC, York Beach, for plaintiff.

Lance E. Walker, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.*

* Justice Clifford was present at oral argument and participated in the initial conference, but did not participate further in the development of this opinion.

ALEXANDER, J.

[¶ 1] Jane Kinney appeals from the entry of a summary judgment by the District Court (Biddeford, *Foster, J.*), in favor of Maine Mutual Group Insurance Company (MMG). Kinney asserts that there are disputes of material fact as to whether (1) her claim is covered by the MMG policy, and (2) her application for insurance contained material misrepresentations pursuant to 24–A M.R.S.A. § 2411 (2000), entitling MMG to rescind her auto insurance policy. Because there remain disputes as to material facts, we vacate and remand for determination of the facts.

## I. CASE HISTORY

[¶ 2] After filling out and signing an application for homeowners and automobile insurance policies with the assistance of a local insurance agent, Jane Kinney was issued MMG insurance policies covering her home and personal auto. In September 2001, Kinney rented a twenty-four-foot "maxi moving van" for her personal use in moving household belongings. After she had parked the vehicle, a tree branch fell on it, causing $6712.95 in damages. Kinney promptly reported the loss to MMG and sought payment of the claim under her personal auto insurance policy. MMG declined to pay the claim, informing Kinney that, although the vehicle had been rented for personal use, it was larger than rental vehicles that would be covered under the "non-owned" or rental auto provisions of her policy. The following month, MMG informed Kinney that it was canceling her auto insurance policy because she had made material misrepresentations on her policy application by failing "to disclose licensed operators in the household."

[¶ 3] After failing to resolve the issues with MMG, Kinney filed a complaint with the District Court. The complaint, in three counts, sought (1) a declaratory judgment that MMG was obligated to pay Kinney's claim under the terms of its policy; (2) recovery for breach of contract for failure to pay under the policy; and (3) recovery under the Unfair Claims Settlement Practices law, 24–A M.R.S.A. §§ 2436, 2436–A (2000 & Supp.2004).

[¶ 4] MMG initially filed an answer denying Kinney's factual allegations and indicating that it contested her claims. MMG then filed an amended answer and a motion to amend its answer to include a counterclaim for rescission. The counterclaim asserted that Kinney's auto insurance policy should be declared void *ab initio*, because Kinney had made material misrepresentations in her application for the policy, justifying rescission of the policy pursuant to 24–A M.R.S.A. § 2411. The court allowed the amended answer and counterclaim. The parties then engaged in discovery and other activities, moving the case towards trial. In June 2004, the court issued a scheduling order directing that discovery be completed by July 30, 2004, and indicating that any motions for summary judgment should be filed within thirty days of the close of discovery or would be deemed waived.

[¶ 5] In August 2004, MMG filed a motion for summary judgment accompanied by a statement of material facts and a draft order for the court's signature. The memorandum, incorporated with the motion, and referencing the statement of material facts, asserted that MMG was entitled to summary judgment because: (1) Kinney's "material misrepresentations" entitled MMG to rescission of her auto insurance policy pursuant to 24–A M.R.S.A. § 2411; (2) the terms of Kinney's auto insurance policy did not extend coverage to the large vehicle she had rented; and (3) there was no factual basis for Kinney's claims under the Unfair Claims Settlement Practices law.

[¶ 6] The MMG motion and accompanying draft order for the court sought judgment in favor of MMG "as to all counts." The original motion did not reference the counterclaim, although a primary focus of the motion was MMG's assertion of its entitlement to the rescission of the insurance contract pursuant to 24–A M.R.S.A. § 2411.

[¶ 7] Three days after filing the original motion, MMG filed an amended motion and statement of material facts, this time seeking judgment "as to all counts in the complaint and counterclaim." The separate filings created a confusing, moving target to which Kinney was required to respond.[1]

[¶ 8] The factual issues between the parties focused on the circumstances surrounding the preparation of Kinney's application for insurance and her responses to various questions on the policy application. MMG asserted that Kinney had made material misrepresentations in her application for the policy by failing to disclose, in answering a question requesting identification of dependents, three children ages sixteen, seventeen, and eighteen whom she claimed as dependents for income tax purposes. MMG also asserted that Kinney had failed to identify as licensed drivers in her home her seventeen and eighteen-year-old sons, both of whom had bad driving records. MMG also asserted that its practices in processing Kinney's claim were appropriate and did not entitle her to recovery under the Unfair Claims Settlement Practices law.

[¶ 9] In response, Kinney asserted that the answers to the questions on her application had been entered by a local MMG agent during a phone conversation with Kinney and then sent to her for signature. She also asserted that the agent had never asked her if there were other dependents or licensed drivers in her home and that, in any event, her sons, who were licensed drivers, were not residents of her home. She also stated that she had signed the policy application sent to her as filled out by the local insurance agent. Thus, Kinney asserted, she had not engaged in any material misrepresentations or omissions in making the application to MMG and that any errors or omissions were the responsibility of the local MMG agent.

[¶ 10] The Maine Rules of Civil Procedure require that opposition to any motions must be filed within twenty-one days of the filing of the motion, or the opposition is deemed waived. M.R. Civ. P. 7(c)(2)(3). Kinney's opposition to the MMG motion for summary judgment was approximately seven days late. Counsel for MMG sent the court two letters asserting that by failing to file a timely opposition to MMG's motion for summary judgment, Kinney had waived opposition and that summary judgment should be entered in accordance with MMG's motion. MMG also filed a reply memorandum in support of its motion.

[¶ 11] On October 8, 2004, without conducting any hearing, the court granted MMG's motion for summary judgment. The court utilized the form order originally filed by MMG, but amended it to indicate that it had considered Kinney's opposition prior to reaching its decision to grant the motion. As signed, the court's order stated: "Upon motion of Defendant MMG Insurance Company, and having considered Plaintiff's memorandum in opposition, the Court hereby GRANTS Defendant MMG's

---

1. Both parties were sufficiently confused by these closely spaced filings that, when they prepared the appendix, they included within the appendix the original, fifty-point MMG statement of material facts, not the fifty-one point MMG statement of material facts to which Kinney ultimately responded.

Motion for Summary Judgment. Judgment is hereby entered in favor of MMG as to all counts."

[¶ 12] After an unsuccessful motion for reconsideration, Kinney brought this appeal.

## II. LEGAL ANALYSIS

### A. Finality

[¶ 13] The court's order granting judgment for MMG "as to all counts" did not explicitly address MMG's counterclaim. Subject to exceptions to the final judgment rule that are not applicable here, a judgment is not final and appealable if it fails to resolve all pending claims. *Me. Health Alliance v. Med. Mut. Ins. Co. of Me.*, 2003 ME 144, ¶ 6, 837 A.2d 135, 137. If any count of a complaint, counterclaim, or cross-claim remains to be decided after the entry of a judgment from which an appeal is taken, the appeal is not taken from a final judgment. *Id.* This limitation avoids repetitive or unnecessary appeals. Rulings on some claims, before all claims are resolved, are preliminary rulings, "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." M.R. Civ. P. 54(b)(1).

[¶ 14] The judgment, entered here "as to all counts," is at least ambiguous as to whether it addressed MMG's counterclaim. However, when viewed in the context of the issues that were joined between the parties arguing the summary judgment motion, MMG's rescission counterclaim was necessarily addressed by implication. One of the two primary issues joined by the parties in arguing the motion was whether Kinney had made "material misrepresentations" entitling MMG to rescission of the policy pursuant to 24–A M.R.S.A. § 2411. This issue related to Kinney's capacity to enforce the contract and addressed all the issues raised in the counterclaim. In the context in which the issues were considered by the District Court, it is apparent that the District Court's ruling, directly or by implication, addressed and resolved all of the issues raised in Kinney's complaint and MMG's counterclaim. Accordingly, the District Court judgment is final and appealable, although it would have been preferable for the judgment to have explicitly indicated that it was addressing the counterclaim.

### B. Propriety of Summary Judgment

[¶ 15] We review the grant of a motion for summary judgment de novo, considering the evidence presented by the statements of material fact and reasonable inferences that may be drawn from that evidence in the light most favorable to the party against whom summary judgment has been granted, to determine if the parties' statements of material fact and referenced record evidence reveal a genuine issue of material fact. *Inkel v. Livingston,* 2005 ME 42, ¶ 4, 869 A.2d 745, 747; *Lever v. Acadia Hosp. Corp.,* 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. A material fact is one that has the potential to affect the outcome of the suit. *Inkel,* 2005 ME 42, ¶ 4, 869 A.2d at 747. A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the facts at trial. *Id.*

[¶ 16] Here, when the facts are viewed most favorably to Kinney, there are disputes as to material facts relating to: (1) the circumstances of the execution of Kinney's policy application; (2) whether any omissions in the answers to questions in the application are the responsibility of Kinney or MMG's local agent; (3) whether Kinney's sons are or are not her dependents and residents of her household; and (4) whether any omissions that are Kin-

ney's responsibility are material misrepresentations justifying rescission of the policy pursuant to 24–A M.R.S.A. § 2411. These disputes cannot be resolved in favor of Kinney or MMG based on the present record. Therefore, the court acted prematurely in granting MMG's motion for summary judgment as to rescission prior to resolving these factual disputes.

[¶ 17] MMG asserts that even if disputes of fact preclude entry of judgment on the rescission issue, the District Court's actions should be affirmed because the terms of its policy are clear and unambiguous that the twenty-four-foot vehicle Kinney rented is not covered under the terms of the MMG policy. MMG asserts that its insurance policy relating to non-owned vehicles or rental vehicles tracks the Maine statutes that, for personal auto insurance policies, limit coverage to private passenger autos, private passenger pick-up trucks or private passenger vans. *See* 24–A M.R.S.A. § 2927 (2000). The MMG policy, however, may be read to be broader than the coverage for rental vehicles mandated by State law. In listing the types of rental vehicles covered under the policy as a "non-owned auto" the MMG policy lists, separately, "(1.) Private passenger auto; (2.) Pick-up or van; or (3.) Trailer . . . ." Neither the rental vehicle coverage endorsement nor any other provision of the policy relating to non-owned vehicles, other than replacement vehicles, includes any size limitation.

[¶ 18] When we review an insurance contract, the meaning of language is a question of law. *Foremost Ins. Co. v. Levesque*, 2005 ME 34, ¶ 7, 868 A.2d 244, 246. Exclusions and exceptions in insurance policies are disfavored and are construed strictly against the insurer. *Id.* Any ambiguity in an insurance policy must be resolved against the insurer and in favor of coverage. *Id.* An insurance contract is ambiguous if it is reasonably susceptible of different interpretations. *Id.*

[¶ 19] On this record, with MMG apparently having adopted a broader definition of "non-owned auto" than required by law, the term of the MMG policy extending non-owned auto coverage to a "van" is at least ambiguous as to whether the vehicle rented by Kinney, characterized in her rental contract as "van" and rented for Kinney's personal use, is a covered vehicle under the MMG rental vehicle coverage endorsement. Accordingly, MMG was not entitled to a summary judgment.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.