STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss.                                                   CIVIL ACTION
                                                                 DOCKET NO. CV-04-772

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

JUL 11 2005

RECEIVED

NORTH EAST INSURANCE
COMPANY
                              Plaintiff

                    v.

RAY ATKISSON d/b/a ATKISSON                ORDER ON PLAINTIFF'S
& SON CONSTRUCTION,                        MOTION FOR SUMMARY
                              Defendant    JUDGMENT AND
                                           DEFENDANT'S MOTION FOR
And                                        SUMMARY JUDGMENT

ERIC SCOTT SIMONS, KEISER
INDUSTRIES INC., ERIC KENWORTHY,
Trustee of the Henderson Street Realty
Trust, SCOT KENWORTHY, Trustee
of the Henderson Street Realty Trust,
and ROBERT J. JOLLY

Parties in Interest


## FACTUAL BACKGROUND

North East has filed a second amended complaint seeking a declaratory

judgment that 1) "North East has no obligation to defend or indemnify Defendant

Atkisson in the underlying action brought by Party in Interest Eric Scott Simons in the

Commonwealth of Massachusetts, Middlesex County Superior Court Civil Action No.

03-4525" (herein "Massachusetts litigation") and that 2) "Defendant Atkisson is immune

from suit from Party in Interest Simons pursuant to Maine Workers' Compensation

statutes." Atkisson seeks a declaration that North East has a duty to continue to defend

Atkisson in the Massachusetts litigation and an award of reasonable attorney's fees and

court costs pursuant to 24-A M.R.S.A. § 2436-B (Supp. 2004).

North East issued a business owners' liability policy (herein "policy") to

Atkisson, doing business as Atkisson & Son Construction, effective October 24, 2002.

Second Amended Complaint ¶ 21. Atkisson hired a crew, including Simons, to install

and complete prefabricated buildings on job sites in Avery, Massachusetts. North East's Statement of Material Facts (herein "PSMF") ¶ 4. There is a dispute as to whether Simons was hired as an employee or as an independent contractor. Simons was injured on the jobsite on August 28, 2003. He applied for and received Maine Workers' Compensation benefits through Atkisson for a short period of time, before withdrawing his claim. PSMF ¶¶ 18, 19. Simons then filed a complaint in Massachusetts against Atkisson for personal injuries on December 1, 2003. Atkisson's Statement of Material Facts (herein "DSMF") ¶ 1; Second Amended Complaint Exhibit A. North East has and continues to provide Atkisson's defense in the Massachusetts litigation. PSMF ¶ 2.

The relevant portions of the policy provide as follows:

A) Coverages
    1. Business Liability-We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"
B) Exclusions
    1. Applicable to Business Liability Coverage this insurance does not apply to
    d. Workers' Compensation and similar laws Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.
    e. Employer's Liability "Bodily Injury" to;
      (1) An "employee" of the insured arising out of and in the course of:
        (a) Employment by the "insured" or
        (b) Performing duties related to the conduct of the insured's business;

Second Amended Complaint Exhibit B.

North East argues that Simons was an employee and, thus, falls under parts (B)(d) and (B)(e) of the above exclusionary language. Atkisson and North East have filed cross motions for summary judgment pursuant to Maine Rule of Civil Procedure 56.

# DISCUSSION

## 1. Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c); *In Re Estate of Davis*, 2001 ME 106, ¶ 7, 775 A.2d 1127, 1129. A fact is material when it has the potential to affect the outcome of the suit. *Kenny v. Dep't of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560, 562. An issue is genuinely disputed if sufficient evidence supporting the claimed factual dispute exists to require a choice between the parties' differing versions of the truth at trial. *Id.*

Both the trial and appellate courts undertake the same analysis of motions for summary judgment. The court first determines the elements of the cause of action at issue and then reviews the facts set forth in the parties' statements of material facts that are supported by appropriate record references. *Curtis v. Porter*, 2001 ME 158, ¶ 8, 784 A.2d 18, 22.

## 2. Duty to Defend and Indemnification

The issue here relates to the interpretation and application of the policy's exclusion language to the pending Massachusetts litigation and the application of the rules of insurance policy language interpretation. The issue is not, as North East has argued, whether Simons was, as a factual matter, a subcontractor or an employee of Atkisson.

A duty to defend is determined by comparing the *allegations* in the underlying complaint with the language in the insurance policy. *State Farm Mut. Auto. Ins. Co. v. Montagna*, 2005 ME 68, ¶ 8, __ A.2d __ (emphasis added). "If there is *any* legal or factual basis that could be developed at trial, which would obligate the insured to pay under

the policy, the insured is entitled to a defense." *J.A.J. Inc. v. Aetna Cas. & Sur. Co.*, 529 A.2d 806, 808 (Me. 1987) (emphasis added). If the court finds that an insurer owes a duty to defend, the court should summarily decide in favor of the insured. *Merrimack Mut. Fire Ins. Co. v. Brennan*, 534 A.2d 353 (Me. 1987). Interpreting the language in an insurance contract is a question of law. *Kinney v. Maine Mut. Group Ins. Co.*, 2005 ME 70, ¶ 18, __A.2d __ (citing *Foremost Ins. Co. v. Levesque*, 2005 ME 34, ¶ 7, 868 A.2d 244, 246). "Exclusions and exceptions in insurance policies are disfavored and are construed strictly against the insurer." *Id.* "Any ambiguity in an insurance policy must be resolved against the insurer and in favor of coverage." *Id.* "An insurance contract is ambiguous if it is reasonably susceptible of different interpretations." *Id.* "[T]he contract language is to be viewed from the perspective of an average person untrained in either the law or the insurance field in light of what a more casual reading of the policy would reveal to an ordinarily intelligent insured." *Union Mut. Fire Ins. Co., Commercial Union Ins. Co.*, 521 A.2d 308, 310 (Me. 1987).

Here, Simons is alleging, in the Massachusetts litigation, that "Atkisson hired Eric S. Simons as an independent contractor to work <u>inter alia</u>, at the construction site on the properties." Under the traditional comparison test, the Massachusetts allegation clearly brings the litigation within the contours of the policy. The Massachusetts Superior Court may, ultimately, find that Simons was Atkisson's employee; under Maine, law, the court is not permitted to make a factual determination in this regard.

However, North East argues that this case falls into one of the exceptions to the traditional comparison test as expressed in *Patrons Oxford Mut. Ins. Co. v. Garcia*, 1998 ME 38, 707 A.2d 384. "Except in limited circumstances, an insurer cannot avoid its duty to defend by establishing, before the underlying action has concluded, that ultimately there will be no duty to indemnify." *Id.* ¶ 6, 707 A.2d at 385. "[E]xceptions exist where the insured, the insurer, and the injured claimant stipulate to the facts material to the

insurer's duty to indemnify or where the pertinent facts have been determined in other proceedings." *Id.* ¶ 7, 707 A.2d at 386.

Here, Atkisson has not admitted or stipulated that Simons was an employee, despite the fact that he is, apparently, making this argument in the Massachusetts litigation in order to avoid liability. North East argues that this case falls under the second listed exception, that "the pertinent facts have been determined in other proceedings." *Id.* However, in *Patrons*, the Law Court clarified this exception and cited *State Mut. Ins. Co. v. Bragg*, 589 A.2d 35, 38 (Me. 1991). In *Bragg*, the Law Court found that an insured's criminal conviction was "sufficient to preclude relitigation of the issue of [the insured's] subjective intent." *Id.* North East argues that some of the facts drawn out in the discovery proceedings in the Massachusetts litigation bring this case under this exception.

However, the Law Court in *Bragg* stated that this exception is identical to the use of collateral estoppel in that "the identical issue [must be] determined by a prior final judgment and that the party estopped had a fair opportunity and incentive to litigate the issue in the prior proceeding." *Id.* at 37. Discovery proceedings are not a final determination for purposes of collateral estoppel. The factual determination must be the subject a "prior *final* judgment." The Massachusetts litigation has not been finalized and, thus, any alleged determinations emerging from discovery cannot bring this case within the factual determination exception.

Given that the exceptions do not apply, the allegations in the Massachusetts litigation clearly bring that case within the coverage of the policy and the court declares that North East has a duty to continue to defend Atkisson. As for indemnification, it is premature for this court to make such a determination until and unless liability is established in the Massachusetts litigation. *Royal Ins. Co. v. Pinette*, 2000 ME 155, ¶ 3, 756

A.2d 520, 522. This court will stay these proceedings until the Massachusetts litigation is finally determined.

### 3. Atkisson's Immunity from Simons' suit Under Workers Compensation Laws

North East also makes a short and rather vague argument that it also has no duty to defend, because of the Maine Workers' Compensation Act. However, this argument is also premised on an allegation that Simons was Atkisson's employee and not a contractor. North East seems to be attempting to circumvent the comparison test and is attempting to have this court determine Simons' employment status. As stated above, such a factual determination would be inappropriate and premature in this case. The court declines to make a declaration that Atkisson is immune from suit under Maine's workers' compensation laws.

### 4. Attorney's Fees and Court Costs

24-A M.R.S.A. § 2436-B states that in a declaratory judgment action "to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees." Here, Atkisson has prevailed against North East's declaratory judgment action, in regard to the duty to defend, and is entitled to court costs and reasonable attorney's fees so far as they relate to the duty to defend.

The entry is:

Defendants' Motion for Summary Judgment is **GRANTED.**

Plaintiff's Motion for Summary Judgment is **DENIED.**

This court declares that Plaintiff has a duty to continue to defend Defendant in the Massachusetts litigation and that Plaintiff is required to pay Defendant's court costs and reasonable attorney's fees for the duty to defend aspect of this case. Defendant has twenty (20) days to file an affidavit detailing its reasonable attorney's fees and court costs and

Plaintiff then has twenty (20) days within which to respond. The court will, thereafter, decide if a hearing is necessary on the issue.

The court **STAYS** any further proceedings in this case, pending the outcome of the Massachusetts litigation.

Dated at Portland, Maine this __ day of July, 2005.

Hon. Robert E. Crowley
Justice, Superior Court

Keisr Ind.

JAMES HUNT ESQ
PO BOX 568
PORTLAND ME 04112

Eric Simons

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112

Kentworthys

DANIEL MAWHINNEY ESQ
PO BOX 4630
PORTLAND ME 04112

STEPHEN WADE ESQ
PO BOX 3200
AUBURN ME 04212

Atkinssir

CORNELIA FUCHS FISHER ESQ
PO BOX 7046
PORTLAND ME 04112

Ng Irs