STATE OF MAINE                                     SUPERIOR COURT
CUMBERLAND, ss.                                                         CIVIL ACTION
                                                                        DOCKET NO: AP-
                                                                        08-32

MARGARET PINCHBECK, LEON
PRIDE, LINDA ROWE, CARL RUSSELL,
NORTHEASTERN MOTEL, BECKY
HAGAR, JUNE HAWKES, and
WINDHAM CITIZENS FOR SENSIBLE
DEVELOPMENT

                 Plaintiffs,

        v.                                                   ORDER

THE TOWN OF WINDHAM

                 Defendant

and

WINDHAM PROPERTIES, LLC

                 Party-in-Interest


        This case comes to the Court on Party-in-Interest Windham Properties,

LLC's motion to dismiss pursuant to M.R. Civ. P. 12(b)(1).[1]

                 FACTUAL AND PROCDURAL BACKGROUND

        Party-in-interest Windham Properties, LLC (herein Windham Properties)

is a Maine company seeking to develop a mineral extraction quarry on property

located in Windham, Maine. Defendant Town of Windham, through its Town

Council (herein the Council), reviewed and approved Windham Properties'

quarry proposal. The Plaintiffs, all of whom own parcels of land located near the

site of the approved quarry and were present at all relevant Council meetings

and hearings, object to the construction of this quarry, claiming that they will be

---

[1] Defendant Town of Windham joins in this motion.

negatively impacted by the quarry's development. The Council held several public hearings and meetings on Windham Properties' application between April and September 2008.

Under §140.33(D)(16) of the Windham Town Ordinance, a quarry application cannot be approved if work on the quarry will produce vibrations that are "transmitted through the ground and [are] discernible without the aid of instruments at or at any point beyond the lot line." However, in its approval of the Windham Properties' application, the Council concluded that "the ordinance requires the measurements of vibration at the nearest inhabitable structure not owned or controlled by the owner of the quarry."

Plaintiffs allege that the Council committed an error of law in their conclusion that the Ordinance requires the measurements of vibration to occur at the nearest inhabitable structure not owned or controlled by the owner of the quarry, because under Section 140.33(D)(16), vibrations must be measured at the quarry lot line, not the nearest inhabitable structure. On October 22, 2008, Plaintiffs filed the present 80B complaint, requesting this Court to vacate the Council's decision based on their error of law concerning vibrations.

While it is undisputed that the Council approved the quarry application at issue here, the date on which this approval occurred is at issue; Windham Properties alleges that the final decision on the quarry application occurred on September 9, 2008, whereas the Plaintiffs allege that the final decision on the entire application occurred on September 23, 2008.

Under the relevant Ordinance, the Council was charged with doing a site plan review for Windham Properties' proposed quarry. During this review, the

2

Council is required to consider seventeen (17) different standards.[2] In looking at the September 9, 2008 minutes[3], it is clear that the Council took up standards number seven (relating to methods of operation, removal, or procession) though seventeen (relating to dust levels and methods of minimization) of Section 140.33(D)(16) of the Ordinance.[4] After discussing the last standard, relating to dust, Councilor McKinnon moved to "postpone Article 08-137[5] to September 23, 2008, and that concerns to approve findings of fact, conclusions of law relative to a proposed quarry on Nash Road." Exhibit A, p. 131.

The Town's attorney, Kenneth Cole, explained that the postponement was necessary because the Council, during the course of its deliberations, "made numerous amendments and changes and conditions," and as such, he was asking for some time to prepare a "clean document" containing all of the Council's findings and conclusions. Exhibit A, p. 131. Attorney Cole went on to inform the Council that, once this document was prepared, the Council would then be given the opportunity to approve "the thing as a total order," Exhibit A, p. 133, making sure that the document accurately reflected the "actions that the Council [had] taken over the last few evenings." Exhibit A, pp. 131-132. At no

---

[2] Including, but not limited to, fencing, signs, parking, drainage, rehabilitation, hours of operation, vibration, etc. See Ordinance, § 140-33(D)(1)-(17).

[3] In so considering, the motion is not converted into a motion for summary judgment because courts can "consider official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 10, 843 A.2d 43, 48.

[4] Standards number one through six were previously considered and voted on at a prior Council hearing.

[5] This is how the Council referred to Windham Properties' quarry application

3

point during the September 9, 2008 meeting was there a motion made to approve Windham Properties' overall quarry application.

The first page of the Council's September 23, 2008 meeting agenda states that Article 08-137 "contemplates the approval of findings of facts and conclusions of law relative to a proposed quarry on Nash Road which may result in its approval." Exhibit B, Council Agenda Article Cover Sheet. Further, a review of this document reflects that, while the Council had previously voted on standards 1 through 17, it does not contain any reference to a final Council vote concerning Windham Properties' overall application.

In looking at the actual minutes of the September 23, 2008 meeting, the pertinent section states that the reason why Order 08-137 was on the agenda was so that the Council could "approve findings of fact and conclusions of law relative to a proposed quarry on Nash Road. (Postponed from 9/9/08)." Exhibit C, p. 19. After a brief discussion, the Council voted 4-2 "on order 08-137."

On October 29, 2008, Windham Properties filed the present motion to dismiss pursuant to M.R. Civ. P. 12(b)(1). In its motion, Windham Properties argues that the final Council decision on its application occurred on September 9, 2008 and not September 23, 2008. As such, Windham Properties argues that Plaintiffs' complaint was not timely filed, and therefore, should be dismissed for lack of jurisdiction.

## DISCUSSION

It is well established that time limits to appeals are jurisdictional. See e.g. *Persson v. Dept. of Human Services*, 2001 ME 124, ¶9, 775 A.2d 363, 365. Under M.R. Civ. P. 80B(b), "the time within which review may be sought shall be as provided by statute, except that if no time limit is specified by statute, the

4

complaint shall be filed within 30 days after notice of any action or refusal to act of which review is sought." The parties do not dispute that Plaintiffs had until 30 days after the Council's final decision regarding Windham Properties' quarry application to file the appeal. The real issue of contention is when the final agency action occurred. If, as argued by Windham Properties, the final decision was on September 9, 2008, the appeal was not timely filed. On the other hand, if the final decision occurred on September 23, 2008, as argued by Plaintiffs, the appeal was filed in a timely manner.

Absent special and narrow exceptions not present here, "appeals may only be considered from final judgments, or final rulings of administrative agencies." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148, 154. "A final judgment or final administrative action is a decision that fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Id.* Further,

> votes or decision addressing individual issues during the course of consideration of an application that requires rulings or fact-findings on several points are not final decisions. A person is not required to file an appeal to protect a challenge to each particular decision, prior to the issuance of a final decision on the overall application.

Id. at ¶ 19, 837 A.2d 148, 154.

For example, in *Carroll*, an abutter appealed to the Superior Court a decision by the Board of Appeals to waive certain road length requirements as part of a neighbor's overall subdivision application. *Id.* at ¶ 14, 837 A.2d 135, 153. On appeal, the Superior Court dismissed, as untimely, the portion of the appeal relating to this waiver, holding that such a decision had occurred on November 7, 2001, or more than three months before the appeal was filed. *Id.* In finding that

5

that portion of the appeal was not untimely, the Law Court stated that the Board of Appeal's decision to waive the road length requirements did not become final, for administrative appeals purposes, until the Board of Appeals December 19, 2001 vote on the entire application. *Id.* at ¶ 22, 837 A.2d at 155.

Windham Properties insists that the matter was fully disposed of on September 9, 2008, and that it was postponed to September 23, 2008 solely so that the Council could approve written findings of facts and conclusions of law that summarize the findings and conclusions already made during the course of application deliberations. This act, it is argued, is purely ministerial and has no substantive effects on the approval of the overall application. The Court does not agree. Windham Properties' argument assumes that a final decision was already made on the overall application, yet as already discussed, a review of the record shows that no such vote on the overall application occurred on September 9, 2008. Rather, on September 9, 2008, the date Windham Properties argues that the final decision was made, the Council merely voted to impose several individual standards pursuant to § 140-33(D)(1)-(17) of the Ordinance.

As the purpose of the plan review, is to "impose such conditions as are necessary to safeguard the health, safety, and welfare of the community," it cannot be argued that, by voting to impose certain conditions, the Council came to a final decision on Windham Properties' overall application. Rather, the votes on each of the seventeen standards were merely "votes or decision addressing individual issues during the course of consideration of an application that require[d] rulings or fact-findings on several points." *see Carroll*, 2003 ME 135, ¶ 19, 937 A.2d 148. 154.

6

Further, as the Law Court has made clear, the Town Council's decision on the application occurs only when the Council "fully decides and disposes of the entire matter pending before the court or administrative agency, leaving no questions for the future consideration and judgment of the court or administrative agency." *Id.* at ¶ 16, 837 A.2d at 154. Here, the record clearly reflects that directly after considering the seventeenth site review standard, the Town Council voted to postpone consideration of the application until September 23, 2008. Thus, as a matter was postponed until September 23, 2008, it cannot be said that the matter was fully decided and disposed of on September 9, 2009.

As no vote on the overall application occurred on September 9, 2008, and because the Council postponed the meeting until such time as written findings and conclusions could be drafted and reviewed, the 4-2 Council vote on September 23, 2008 must be considered the final vote on the overall application. This being the operative date, the Plaintiffs filed this action within the time period designated by M.R. Civ. P. 80B(b). Therefore, Windham Properties' motion to dismiss for lack of jurisdiction should be denied.

**Therefore, the entry is:**

Party-In-Interest's motion to dismiss is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: *May 28, 2009*

Roland A. Cole
Justice, Superior Court

7

Date Filed __10-22-08__     CUMBERLAND     Docket No. __AP-08-32__

County

Action _____80B APPEAL_____

MARGARET PINCHBECK
LEON PRIDE
LINDA ROWE
CARL RUSSELL
NORTHEASTERN MOTEL
BECKY HAGAR
JUNE HAWKES
WINDHAM CITIZENS FOR SENSIBLE DEVELOPMENT vs.

THE TOWN OF WINDHAM
WINDHAM PROPERTIES LLC - PII

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| SCOTT ANDERSON, ESQ.<br>GORDON SMITH, ESQ.<br>ONE PORTLAND SQUARE<br>PO BOX 586<br>PORTLAND, ME 04112-0586 | ERICA JOHANSON ESQ. (WINDHAM PROPERTIES) |

Date of
Entry