2000 ME 136

**Penelope CROWE et al.**

v.

**Scott SHAW.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 2000.
Decided July 12, 2000.

---

Timothy C. Woodcock, Esq., Weatherbee, Woodcock, Burlcok & Woodcock, P.A., Bangor, for plaintiffs.

Carl F. Rella, Esq., Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Penelope and Leonard Crowe appeal from a judgment of the Superior Court (Penobscot County, *Marden, J.*) granting Scott Shaw's motion for a summary judgment and entering judgment in his favor.[1]

---

1. The trial court's ruling at the conclusion of its opinion stated that: "The entry will be: Defendant's motion for summary judgment is granted for the reasons stated herein." The docket entry is: "Summary Judgment granted for Defendants."

We have advised courts that, when ruling on a motion, the court should not simply indicate "Motion granted" or some similar term. In addition to noting that a motion is granted, the court's order should state affirmatively the relief granted pursuant to its ruling on the motion. *See Town of Freeport v.* *Ocean Farms of Maine, Inc.,* 600 A.2d 402, 403 (Me.1991). It would have been preferable for the court to state "Judgment for the defendant" or a similar phrase after indicating its ruling on the motion. Such an order leaves no question as to what relief the court has granted and, here, would make it apparent that a final, appealable judgment had been entered. For the same reasons, counsel submitting draft proposed orders in support of motions are subject to the requirement that the draft order "specifically states the relief to be granted by the motion." M.R. Civ. P.

[¶ 2] On appeal, the Crowes argue that the trial court erred by determining that Shaw was not negligent, as a matter of law, because (i) he had an affirmative duty to pull to the left of the road to avoid Penelope Crowe's oncoming vehicle; and (ii) his blood-alcohol content measured .06% approximately an hour after the collision between Crowe's vehicle and Shaw's vehicle. While there may be disputes of material fact that could preclude a finding as a matter of law that Shaw was not negligent, there are no disputes of material fact that any negligence by Shaw proximately caused the collision. Accordingly, we affirm.

## I. CASE HISTORY

■ [¶ 3] When reviewing a grant of a motion for summary judgment, we construe the facts in the light most favorable to the party against whom the motion was granted. *See Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. Here, the facts so construed establish that on January 16, 1991, Penelope Crowe was operating her motor vehicle on the Fuller Road in Hermon and had her sister with her in the car. Scott Shaw was operating his motor vehicle in the opposite direction on the same road. His son, Justin, was a passenger. The weather was poor and the road was icy. As Crowe's car crested a hill, she lost control of her vehicle and it started to slide down the hill. Shaw saw Crowe's out of control car and pulled to the right, coming to a stop, or almost to a stop, next to a snowbank. Still sliding sideways into Shaw's lane of traffic, Crowe's car hit Shaw's car. As a result of the impact, Crowe's sister was killed and Crowe was injured. Approximately one hour after the accident, a blood sample

7(b)(3)(2). Because the result of the court's granting of the motion is apparent and is a final judgment for the defendant in this case, we reach the merits of this appeal.

2. Separately, the children of Crowe's sister filed a wrongful death action against Crowe which was settled, and the Shaws brought a

was taken from Shaw which indicated a blood-alcohol level of .06%. Crowe and her husband filed this action against Shaw.[2]

[¶ 4] Shaw moved for a summary judgment. After a hearing on the motion, the court ruled that Shaw was not negligent and, therefore, granted the motion for a summary judgment. The Crowes then brought this appeal.

## II. DISCUSSION

[¶ 5] The Crowes contend that there are disputed issues of material fact that would establish that Shaw was negligent in two respects:

(1) The Crowes contend that there is a genuine issue of material fact regarding whether Shaw breached a duty of care by pulling to the right, rather than pulling to the left and into Crowe's lane, when Shaw saw Crowe's vehicle sliding out of control from her lane towards his lane; and

(2) The Crowes contend that Shaw's blood-alcohol content, measured an hour after the accident, establishes that Shaw breached a duty of care when operating his motor vehicle.

■ [¶ 6] On the first point, the undisputed evidence establishes that Shaw acted appropriately, and not negligently, in pulling his vehicle to the right and coming to a stop, or nearly to a stop, when faced with the unsafe condition. *See* 29 M.R.S.A. § 941 (1991) (requiring motorists to travel to the right of the center of the road and to come to a stop when it is unsafe to continue because of an oncoming car), *repealed and replaced* by P.L.1993, ch. 683 (codified at 29–A M.R.S.A. § 2053 (1996 & Supp.1999)).

negligence action against Crowe which was resolved by a jury verdict in Crowe's favor. Because the actions stem from control of a motor vehicle, the Crowes' claims against Shaw were not compulsory counterclaims in the Shaws' action against Crowe. *See* M.R. Civ. P. 13(a)(1).

[¶ 7] The second point, whether Shaw was in breach of a duty of care when operating his motor vehicle with a blood-alcohol content apparently in excess of .06% at the time of the accident, is disputed. Although operating a motor vehicle while under the influence of intoxicating liquor is not negligence *per se*, it is evidence of negligent operation. *See Binette v. Dyer Library Ass'n*, 688 A.2d 898, 904 (Me.1996) ("Although Maine does not recognize the doctrine of negligence *per se*, violation of a safety statute [3] constitutes evidence of a breach of duty of reasonable care owed to those the statute is designed to protect."). Furthermore, a blood-alcohol level in excess of .05% but less than .08% is considered "relevant evidence" as to whether or not a person is under the influence of intoxicants. *See* 29–A M.R.S.A. § 2432(2) (1996). These circumstances create a genuine issue of material fact regarding whether, at the time Shaw operated his motor vehicle, he was in breach of a duty of care because he was impaired as a result of the use of intoxicants. However, in this case, a dispute as to the issue of breach of duty of care does not change the result.

[¶ 8] In his seminal treatise on torts, Professor Prosser reminds us that: "An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." WILLIAM L. PROSSER, THE LAW OF TORTS § 41, at 236 (4th ed.1971).

[¶ 9] In order to successfully resist summary judgment, the Crowes, as the parties bearing the burden of proof at trial, were required to produce evidence sufficient to demonstrate not only that Shaw breached a duty of care, but also that Shaw's breach proximately caused Crowe's injuries. *See McPherson v.* *McPherson*, 1998 ME 141, ¶ 8, 712 A.2d 1043, 1045 ("To prevail in a negligence action, the plaintiff has the burden of proving that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the plaintiff suffered an injury as a result of that breach."); *see also Champagne*, 1998 ME 87, ¶ 9, 711 A.2d at 845 ("To avoid judgment as a matter of law for a defendant, a plaintiff must establish a *prima facie* case for each element of her cause of action.").

[¶ 10] Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence. *See Shaw v. Bolduc*, 658 A.2d 229, 235–36 (Me.1995); *Wing v. Morse*, 300 A.2d 491, 495–96 (Me.1973). The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment. *See Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, ¶ 14, 742 A.2d 933, 940; *Champagne*, 1998 ME 87, ¶ 10, 711 A.2d at 845.

[¶ 11] In this case, the undisputed material facts establish that, even if the factfinder were to find a breach of duty by virtue of Shaw's operation of a motor vehicle with a blood-alcohol level in excess of .06%, this operation did not in any way contribute to the Crowes' damages. Shaw had stopped, or nearly stopped, his vehicle well to the right on his side of the road when Crowe, having lost control of her vehicle, collided with him. Because Crowe presented no evidence that Shaw's operation of his vehicle while intoxicated may

---

**3.** *See* 29–A M.R.S.A. § 2411 (1996 & Supp. 1999) (making operating under the influence of intoxicating liquor a criminal offense).

have caused her injuries, the court appropriately granted a summary judgment.

The entry is:

Judgment affirmed.