STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-222
DHM - KEN - 11/28/2000

DORIS ROWE,

       Plaintiff

       v.

JANET MATHER, *et al.*,

       Defendants

ORDER ON MOTIONS
FOR SUMMARY JUDGMENT

This matter is before the court on defendant Mather's motion for summary judgment and defendant State Farm Mutual Insurance Company's motion for summary judgment as to count II.

On September 4, 1994, defendant Jane Mather was operating a vehicle on Kennedy Memorial Drive in Waterville. Plaintiff, Doris Rowe, was a passenger seated in the right front seat. When a young boy ran in front of the vehicle, the defendant stopped the vehicle suddenly. The plaintiff's complaint alleges that the defendant's negligence caused her physical injuries. Defendant Mather moved for summary judgment on all counts, to which defendant State Farm joined. Defendant State Farm filed a separate motion for summary judgment as to Count II in which plaintiff seeks damages pursuant to an underinsured motorist coverage provision in an insurance policy issued by State Farm to each Rowe and Mather.

Defendant asserts as fact that she was driving slowly and within the speed limit but that she turned her head for a fraction of a second toward the plaintiff as they were conversing. She then noticed movement to her left with her peripheral

vision and saw a young boy running across the highway. Accordingly, defendant hit her brakes and, on these facts, defendant argues there can be no showing of negligent causation. Plaintiff contests these facts indicating that defendant has admitted to a speed in excess of the speed limit and that she was engrossed in conversation with an inference that she was distracted more than a fraction of a second.

A summary judgment is proper when the citations to the record found in the parties' Rule 7(d) statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law. *See Corey v. Norman, Hanson & Detroy*, 1999 ME 196, 7, 742 A.2d 933, 937.

Defendant Mather moves for summary judgment on the sole basis that there is no genuine issue of material fact and plaintiff has failed to offer any evidence that the abrupt stop by her was the proximate cause of the plaintiff's injuries. For support of this proposition, Mather relies on *Crowe v. Shaw*, 2000 ME 136, 755 A.2d 509. *Crowe*, in addition to the other cases to which Mather refers the court, stands for the proposition that a plaintiff must set forth a *prima facie* case in order to avoid summary judgment. *See also Champagne v. Mid-Maine Medical Center*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. Plaintiff correctly argues in her opposition memorandum that in most cases, proximate causation is a question for the fact finder. *Merriam v. Wanger*, 2000 ME 159, ¶ 10, 757 A.2d 778, 781.

The facts of *Crowe* militate against its usefulness to Mather here. In Crowe, Shaw, although intoxicated, had pulled safely to the side of the road while Crowe,

who had lost control of her vehicle collided with Shaw's vehicle. The Court found that the fact that Shaw was intoxicated did not cause the injuries sustained by Crowe. The exceptional facts of that case differs dramatically from the relatively uncontroversial facts here. "Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence. The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment." *Id.* (citing Crowe *v. Shaw*, 2000 ME 136, 10, 755 A.2d 509, 512 (internal citations omitted)). *See also Corey v. Norman, Hanson & DeTroy*, 1999 ME 196, 14, 742 A.2d 933, 940; *Shaw v. Bolduc*, 658 A.2d 229, 235-36 (Me.1995); *Wing v. Morse*, 300 A.2d 491, 495-96 (Me.1973).

The plaintiff here raises genuine issues of material fact which preclude the entry of summary judgment against her. Plaintiff has shown that Mather was driving the vehicle in which plaintiff was a passenger. She has also raised at least a genuine issue of material fact as to whether Mather was negligently speeding and not paying attention to the road. Defendant is correct that this goes more directly to whether Mather breached a duty of care she owed to Rowe. However, the evidence as presented through the statements of material fact of the parties also establish a *prima facie* case of negligence, including, of course, the necessary element of

3

proximate causation. It is for the jury to decide whether the activities occurring over a period of very few seconds caused the injury.

In count II of her complaint, the plaintiff alleges that she was insured under both the defendant's and plaintiff's insurance policies for a total coverage of $200,000. She seeks a determination that she was an underinsured motorist by law and therefore entitled to recover from her own carrier.

State Farm is the carrier for both Rowe and Mather. Both are covered for $100,000 liability and $100,000 uninsured/underinsured motorist coverage. Rowe, in addition to seeking $100,000 under the liability provision of Mather's policy, is seeking from her own State Farm policy the $100,000 underinsured motorist coverage.[1] Rowe argues that the court should aggregate or "stack" the underinsured motorist provisions of both policies to determine whether Rowe is an underinsured motorist.

Case law presented by plaintiff does not support stacking in the manner requested by her here. Stacking is a concept that arises in those cases where the court deems it necessary to give 24-A M.R.S.A. § 2902 effect.[2] In understanding the statutory provision at issue and its application in the context of stacking, the court looks to *Connolly v. Royal Globe Insurance*, 455 A.2d 932, 935 (Me. 1983). There the

---

[1] State Farm argues on an assumption that Rowe is seeking recovery under both the liability and underinsured motorist provisions of Mather's policy.

[2] That provision states in pertinent part: "underinsured motor vehicle coverage means a motor vehicle for which coverage is provided, but...less than the limits of the injured party's uninsured vehicle coverage."

4

court stacked the two of the underinsured motorist provisions in two separate policies held by the injured party. The court put the concept of the current underinsured motorist statute quite simply, stating that "the Legislature intended to permit the insured injured person the same recovery which would have been available to him had the tortfeasor been insured to the same extent as the injured party." *Id.* (*citing Dewberry v. Auto-Owners Insurance Co.*, 363 So.2d 1077, 1081 (Fla. 1978) (*citing State Farm Mutual Automobile Insurance Co. v. Anderson*, 332 So.2d 623 (Fla. App. 1976), *cert. denied*, 345 So.2d 428 (Fla. 1977)). It would run counter to this purpose of the statutory provision to allow the injured party to stack her underinsured motorist coverage on the tortfeasor's underinsured motorist coverage.

In addition, the court has approved the exclusionary language contained in the State Farm policies in question that an uninsured motor vehicle "does not include a land motor vehicle: 1. insured under the liability coverage of this policy." *Bourque v. Dairyland*, 741 A.2d 50 (Me. 1999).

For all the reasons above, the entry will be:

Defendant Mather's motion for summary judgment is DENIED; defendant State Farm Mutual Insurance Company's motion for summary judgment is GRANTED as to count II of plaintiff's complaint; judgment for State Farm Mutual Insurance Company on count II of plaintiff's complaint.

Dated: November ___2ᶠ___, 2000

Donald H. Marden
Justice, Superior Court

5

Date Filed __10/13/99__ __Kennebec__ Docket No. __CV99-222__
                        County

Action __Auto Negligence__

# J. MARDEN

Doris Rowe                              VS.    Janet Mather & State Farm Mutual

| Plaintiff's Attorney | Defendant's Attorney    Automobile Ins. Co. |
|---|---|
| Steven D. Silin, Esq. 129 Lisbon Street Lewiston, Maine 04243 | Roger O'Donnell, Esq.  (11/15/99) PO Box 960 Lewiston Maine  04243 -William J. Kelleher, Esq. (State Farm) 7 East Crescent Street Augusta, Maine 04330 |

| Date of Entry | |
|---|---|
| 10/13/99 | Complaint, filed. s/Silin, Esq. Case File Notice mailed to atty. Notification of Discovery Service, filed. s/Silin, Esq. Plaintiff's Interrogatories Propounded to Defendant Janet Mather served on Roger J. O'Donnell, III, Esq. on 10/12/99 |
| ******* | Jury Trial Fee Paid by Pltf. |
| 10/18/99 | Original summons with return service on State Farm Mutual on 10/13/99 filed. |
| 11/1/99 | Answer to Plaintiff's Complaint and Defendant's Affirmatiave Defenses, filed. s/O'Donnell, Esq.

SCHEDULING ORDER, Studstrup, J. Discovery deadline is July 1, 2000. Copies mailed to attys of record. |
| 11/15/99 | Answer to plaintiffs complaint and defendants affirmative defenses filed. s/O'Donnell III Esq |
| 11/15/99 | Original summons with return of service on Janet Mather on 11/8/99 filed. |
| 11/29/99 | Jury trial fee from Roger O'Donnell returned. |
| 12/2/99 | Notification of Discovery Papers, filed. s/O'Donnell, III, Esq. Interrogatories Propounded to Plaintiff by Defendant's and Defendant's First Request for Production of Documents Propounded to Plaintiff by Defendant's served on Steven D. Silin, Esq. on 12/1/99 |
| 12/3/99 | Notification of Discovery papers, filed. s/O'Donnell, III, Esq. Defendant Janet Mather's Answers to Plainitff's Interrogatories served on Steven D. Silin, Esq. on 12/2/99 |