STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No CV-15-296

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 11 2016

RECEIVED

DONALD VAN SYCKEL and
DONALD VAN SYCKEL o/b/o
MOLLY VAN SYCKEL,

Plaintiffs

v.

800 NORTHERN CORP.,

Defendant

ORDER ON DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

Before the court is defendant 800 Northern Corporation's motion for summary judgment in plaintiff Donald Van Syckel's negligence action. Plaintiff brings this action on behalf of himself and on behalf of his late wife, Molly Van Syckel. For the following reasons, the motion is granted.

FACTS

On January 10, 2013, plaintiff and Ms. Van Syckel went to the law office of Petrucelli, Martin and Haddow at 2 Monument Square in Portland. (Supp. S.M.F. ¶¶ 1-3.) They entered the building through the parking garage door. (Id. ¶ 2.) They met with Ms. Van Syckel's attorney and picked up a settlement check arising from a prior slip and fall accident. (Id. ¶ 4.) The prior slip and fall accident occurred when Ms. Van Syckel fell while leaving a store in Scarborough in 2009. (Id. ¶ 5.)

Approximately one hour after they arrived, plaintiff and Ms. Van Syckel exited the building through the same parking garage door.[1] (Id. ¶ 6.) There is a single step or

_____

[1] Defendant has provided, and plaintiff has referenced, a video, which, according to plaintiff, shows plaintiff and Ms. Van Syckel leaving the building. (Pl.'s Addt'l S.M.F. ¶ 17.) According to defendant's counsel's cover letter, the video did not capture Ms. Van Syckel's fall. (3/7/16 Letter; Def.'s Reply S.M.F. ¶ 21.) Citation to an entire video does not constitute "a citation to the

1

landing between the garage door and the garage floor. (Pl.'s Addt'l S.M.F. ¶ 29.) Ms. Van Syckel fell outside the door. (Supp. S.M.F. ¶ 7.) Plaintiff did not see her fall because he was walking in front of her. (Id. ¶ 8.) However, when he turned around she was on the ground.[2] (Id. ¶ 9.) She was lying with her feet toward the door and her head pointed away from the door. (Pl.'s Addt'l S.M.F. ¶ 18.) Her feet were approximately three to five feet from the step. (Id. ¶ 19.) No part of her body had landed on the step. (Id.)

At the time of Ms. Van Syckel's fall, the doorway was free from obstructions, including water and ice. (Supp. S.M.F. ¶ 10.) The rise of the step was painted yellow and read "WATCH YOUR STEP." (Id. ¶ 12.) The top of the tread was not painted yellow and was not marked with a warning or a conspicuous border. (Id. ¶ 13; Pl.'s Addt'l S.M.F. ¶ 23.) The step and the garage floor were a similar color.[3] (Pl.'s Addt'l S.M.F. ¶ 22.) There was no railing on the step. (Id. ¶ 24.) Prior to Ms. Van Syckel's fall, there had been no other reported falls at this location. (Supp. S.M.F. ¶ 11.)

The parties dispute whether Ms. Van Syckel suffered a seizure before her fall. Plaintiff claims she did not.[4] (Pl.'s Addt'l S.M.F. ¶ 26.) Defendant claims that Ms. Van Syckel's medical report from the day of the accident indicates that she suffered a "syncopal episode" and that she had suffered a "grand mal seizure" approximately one year earlier. (Def.'s Reply S.M.F. ¶ 26.)

---

specific page or paragraph of identified record material supporting the assertion." M.R. Civ. P. 56(h)(4) ("The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."). Further, the existence of the video is referenced in plaintiff's additional statement of material facts but the video is not used as a record reference in the parties' statements of facts. (Pl.'s Addt'l S.M.F. ¶ 17; Def.'s Reply S.M.F. ¶ 17.) Accordingly, the court has not watched the video.

[2] Plaintiff's response is "Qualified." (Opp. S.M.F. ¶ 9.) Plaintiff does not, however, support this qualification with a citation to the record. M.R. Civ. P. 56(h)(2). Defendant's fact is therefore admitted. M.R. Civ. P. 56(h)(4). Plaintiff's statements about how Ms. Van Syckel fell would not be admissible at trial. (See, e.g., Pl.'s Reply S.M.F. ¶ 9; Pl.'s Addt'l S.M.F. ¶¶ 20, 25.)

[3] Defendant's response is "Qualified." (Def.'s Reply S.M.F. ¶ 22.) Defendant does not, however, support this qualification with a citation to the record. M.R. Civ. P. 56(h)(3). Plaintiff's fact is therefore admitted. M.R. Civ. P. 56(h)(4).

[4] Plaintiff's testimony may not be admissible at trial.

2

Plaintiff filed his complaint on July 6, 2015. Plaintiff alleges two causes of action: count I, negligence; and count II, loss of consortium. Defendant moved for summary judgment on February 3, 2016. Plaintiff filed an opposition on February 22, 2016. Defendant filed a reply on March 7, 2016.

DISCUSSION

1. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." McIlroy v. Gibson's Apple Orchard, 2012 ME 59, ¶ 7, 43 A.3d 948 (citation omitted). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." Estate of Lewis v. Concord Gen. Mut. Ins. Co., 2014 ME 34, ¶ 10, 87 A.3d 732.

2. Duty

Defendant argues that plaintiff has failed to designate an expert witness to establish the appropriate duty. (Def.'s Reply 1-2.) Defendant raises this argument for the first time in its reply brief, which must be "strictly confined to replying to new matter raised in the opposing memorandum." M.R. Civ. P. 7(e). Plaintiff did not raise the issue of duty in his opposition, and therefore defendant cannot raise the issue in its reply.

Even if the court were to consider defendant's argument, it is unpersuasive because a landowner's duty to those lawfully on the premises is well established.

3

"[U]nder Maine's law of premises liability, a landowner owes a duty of reasonable care to all those lawfully on the land." Inkel v. Livingston, 2005 ME 42, ¶ 5, 869 A.2d 745 (citing Poulin v. Colby Coll., 402 A.2d 846, 851 (Me. 1979)). In this context, the duty of reasonable care is a duty "to use ordinary care to ensure that the premises were reasonably safe for the plaintiff, guarding him against all reasonably foreseeable dangers, in light of the totality of the circumstances." Baker v. Mid Me. Med. Ctr., 499 A.2d 464, 467 (Me. 1985). There is no dispute that Ms. Van Syckel was lawfully on the premises. (See Supp. S.M.F. ¶ 4; Opp. S.M.F. ¶ 4.) Defendant cites no authority that would require plaintiff to establish a duty that is already imposed by law.

3. Causation

Evidence is sufficient to support a finding of proximate cause if "the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence." Crowe v. Shaw, 2000 ME 136, ¶ 10, 755 A.2d 509. "The question of whether a defendant's acts or omissions were the proximate cause of a plaintiff's injuries is generally a question of fact, and a judgment as a matter of law is improper if any reasonable view of the evidence could sustain a finding of proximate cause." Houde v. Millett, 2001 ME 183, ¶ 11, 787 A.2d 757.

Citing Tolliver v. Dep't of Transp., 2008 ME 83, 948 A.2d 1223, defendant argues that plaintiff has not offered any evidence to show that defendant's alleged negligence played a substantial part in causing Ms. Van Syckel to fall. (Def.'s Mot. Summ. J. 3-6.) In Tolliver, plaintiff's son was struck by a car while walking along the side of the road. Id. ¶¶ 2-3. There were no white edge lines separating the travel lanes from the breakdown lanes. Id. ¶ 2. Plaintiff offered "substantial evidence" that the purpose of the edge lines

4

was, at least in part, to make the road safer for drivers and pedestrians. Id. ¶ 43. The Law Court held that this evidence established that the accident was foreseeable. Id. ¶ 44. Given the lack of evidence as to what actually caused the accident, however, any inference that the absence of edge lines played a substantial part would be "nothing more than speculation." Id.

Here, plaintiff has designated a safety expert who will testify that the step "would have been made much safer by painting the tread and/or marking it with a warning sign to allow the user to easily discern the edge of the tread. This widely used practice would be an easy and inexpensive solution to remedy this hazard." (Supp. S.M.F. ¶¶ 14-15.) As in Tolliver, this evidence shows that the safety measures would have made the step safer. Following the reasoning in Tolliver, this evidence may establish that Ms. Van Syckel's fall was foreseeable, but it cannot establish that the absence of safety features played a substantial part in her fall.

As in Tolliver, plaintiff has offered no evidence "regarding what actually happened" that could establish substantiality. Tolliver, 2008 ME 83, ¶ 44, 948 A.2d 1223. No one saw the fall. No expert testified that the lack of painting on the tread, a warning sign, or a railing "was a substantial contributor to this accident." Id.; (Pl.'s Addt'l S.M.F. ¶¶ 22-24.)

"[T]he jury must be permitted to make causal judgments from its ordinary experience without demanding impossible proof about what would have occurred if the defendant had behaved more safely." Dobbs et al., The Law of Torts 638 (2d ed. 2011). Further, "the jury as triers of the facts must apply its ordinary human experience to the facts revealed by the evidence." Ames v. Dipietro-Kay Corp., 617 A.2d 559, 561 (Me. 1992) (citation omitted). Although this case does not present the type of complex facts that the Law Court has indicated require substantial evidence of proximate cause,

5

there must be some evidence on which a finding of proximate cause can be based. See Tolliver, 2008 ME 83, ¶ 42, 948 A.2d 1223; Merriam v. Wanger, 2000 ME 159, ¶ 17, 757 A.2d 778. Any inference that Ms. Van Syckel fell as a result of the absence of these safety features would be speculation on the part of the trier-of-fact. Tolliver, 2008 ME 83, ¶ 44, 948 A.2d 1223.

CONCLUSION

Defendant has waived its argument regarding duty because it raised this issue for the first time in its reply brief. Even if the court were to consider this argument, it is unpersuasive. Plaintiff has, however, failed to raise an issue of material fact regarding how Ms. Van Syckel fell and whether the absence of certain safety features played a substantial part in causing Ms. Van Syckel to fall.

The entry is

Defendant's Motion for Summary Judgment is GRANTED.

Date: May 10, 2016

Nancy Mills
Justice, Superior Court

6