STATE OF MAINE                                 SUPERIOR COURT
KENNEBEC, ss.                                  CIVIL ACTION
                                               DOCKET NO. CV-15-169



SHELLY CORO, as Personal          )
Representative of the ESTATE OF    )
GERALD GIROUX                      )
                                  )
          Plaintiff,              )
                                  )
v.                                )      **ORDER ON DEFENDANTS'**
                                  )      **MOTION FOR SUMMARY**
RICHARD E. HADLEY d/b/a R. E.      )      **JUDGMENT**
HADLEY and MAURICE                )
FRAPPIER, JR.,                    )
                                  )
          Defendants.             )

Before the Court is Defendants' Motion for Summary Judgment.

I.      Background

On August 26, 2014, Mr. Gerald Giroux, as he attempted to exit his home, fell down the steps and hit his head causing a catastrophic head injury which led to his death. Plaintiff Shelly Coro, Personal Representative of the Estate of Gerald Giroux, brings this action for faulty work performed for Mr. Giroux in the construction of a carport for his home. Plaintiff alleges that Defendants' negligent work kept the front door from opening completely. Plaintiff alleges that the front door was only able to open a little more than a foot, that Mr. Giroux got caught between the door and the doorframe, cut himself, lost his balance, and fell down the stairs, hitting his head at the base of the stairwell. According to Plaintiff, Mr. Giroux's wife, Mrs. Elena Giroux, saw Mr. Giroux open the door, get caught, cut himself and lose his balance. She did not see the fall, but instead heard the loud crashing sound upon his landing. Defendant contends that Mrs. Giroux did not witness enough of the event to provide valuable information concerning how

1

Mr. Giroux fell. Mr. Giroux did not say anything concerning the fall between the fall and when he passed away. Mrs. Giroux was the only witness. Mrs. Giroux passed away shortly after her husband.[1]

Plaintiff brings the following claims: Survival Action pursuant to 18-A M.R.S. § 3-804, Wrongful Death pursuant to 18-A M.R.S. § 3-804, Conscious Pain and Suffering pursuant to 18-A M.R.S. § 3-804(c), Unfair Trade Practices Act pursuant to 5 M.R.S. § 205-A and Home Construction Contracts pursuant to 10 M.R.S. § 1487. Defendant moves the Court for Summary Judgment.

II.     Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Id.* (citations omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

When the party moving for summary judgment bears the burden on a claim or defense, the moving party must establish the existence of each element of the claim or defense without dispute as to any material fact in the record in order to obtain summary judgment. *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015. If the motion for summary judgment is properly supported, then the

---

[1] Mrs. Giroux was deposed prior to her passing.

2

burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e).

III. Discussion

Defendants argue that they are entitled to Summary Judgment because Plaintiff has failed to make out a prima facie case of negligence. In order to establish a prima facie case for negligence, a plaintiff must establish the elements of duty, breach of duty, causation, and harm. *Davis v. R C & Sons Paving, Inc.*, 2011 ME 88, ¶ 10, 26 A.3d 787. Defendants argue that Plaintiff has not provided any evidence to support the argument that the alleged negligence on the part of Defendants caused Mr. Giroux's injury. Therefore, the Defendants claim that there is no question of material fact and Defendants are entitled to summary judgment.

In order to make out a prima facie case for the element of causation, a plaintiff must provide evidence that but for the defendant's breach of duty, the harm would not have occurred and that the defendant's breach of duty proximately caused the harm.

> Evidence is sufficient to support a finding of proximate cause if the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably foreseeable consequence of the negligence. The mere possibility of such causation is not enough, and when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a defendant is entitled to a judgment.

*Crowe v. Shaw*, 2000 ME 136, ¶ 10, 755 A.2d 509. The Law Court has found that "A consequence of negligence is reasonably foreseeable if the negligence has created a risk which might reasonably be expected to result in the injury or damage at issue, even if the exact nature of the injury need

3

not, itself, be foreseeable." *Merriam v. Wanger*, 2000 ME 159, ¶ 9, 757 A.2d 778.

Defendants cite to *Addy v. Jenkins* in support of their Motion for Summary Judgment. *Addy v. Jenkins*, 2009 ME 46, 969 A.2d 935. The facts of *Addy v. Jenkins* are that a subcontractor working on the roof of a house fell from incomplete scaffolding erected by the contractor. *Id.* at ¶ 4. The scaffolding was missing some railings, platforms and ladders and was not properly attached to the building. *Id.* at ¶ 2. There was no witness to the fall. *Id.* at ¶ 6. The subcontractor had little memory of the fall. *Id.* The law Court affirmed the grant of summary judgment because without any evidence of how the subcontractor fell, the subcontractor could not make a prima facie showing of proximate cause. *Id.* at ¶ 15.

The current case is distinguishable from *Addy v. Jenkins*. In this case, Mrs. Giroux witnessed Mr. Giroux get caught in door and stumble, whereas in *Addy v. Jenkins*, there were no witnesses other than the injured individual who could not remember what had happened. According to her deposition, Mrs. Giroux saw Mr. Giroux go out the door. Supp. S.M.F. ¶ 10. Ms. Giroux saw that the door would not open very far and watched her husband become stuck in the blocked door. Add. S.M.F. ¶¶ 11, 13. With his feet outside the door, Ms. Giroux testified that Mr. Giroux struggled to free himself by forcing himself through the blocked door. Add. S.M.F. ¶¶ 11, 12, 15. Immediately following Mr. Giroux's successful attempts to squeeze through the opening between the door and the doorframe, Mrs. Giroux heard a bang. Add. S.M.F. ¶¶ 14-16. Mrs. Giroux testified that she was "looking at the door when he fell," but that she didn't see the moment of the fall itself because "it happened so fast there was no way." Add. S.M.F. ¶ 16. Mrs.

4

Giroux testified that she witnessed Mr. Giroux's fall; she saw him get caught in the door and she heard the fall immediately thereafter. Where the subcontractor had to speculate as to what occurred in *Addy v. Jenkins,* in this case, the testimony of Mrs. Giroux is evidence in support of Plaintiff's claim that raises a genuine issue of material fact concerning the cause of Mr. Giroux's injury.

IV.     Conclusion

The entry will be: The Court denies Defendant's Motion for Summary Judgment.


_12/20/16_

**DATE**

_Michael_

**SUPERIOR COURT JUSTICE**