STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-52

ROBERT BICKFORD, et al.,

    Plaintiffs,

v.

JAMEY IVERS, et al.,

    Defendants.

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 05 2017 11:40AM

RECEIVED

ORDER

Before the court are motions for summary judgment brought by defendants United Financial Casualty Co. and Maine Municipal Association Property and Casualty Risk Pool.

The facts have been stipulated for purposes of summary judgment. At a time when he was intoxicated, defendant Jamey Ivers drove a pickup truck off a road and down an embankment on Peaks Island.[1] Ivers and a passenger were both injured in the incident, which occurred around 2:30am on July 13, 2013. Plaintiff Robert Bickford is a Portland Police Officer who was dispatched to the scene. When Bickford arrived at the scene, he observed the pickup truck had come to rest down the embankment approximately 50 feet from the road.

There was approximately a 15 foot drop from the top of the embankment to the truck. When Bickford started down the hill to render any assistance necessary, his foot caught on a vine, and he fell and injured his knee.

Ivers's insurance carrier has paid the policy limits of Ivers's automobile liability insurance policy to the passenger in the Ivers vehicle who was injured when Ivers drove the truck off the road and over the embankment. In this action Bickford is seeking to collect for his injuries from United Financial, which provided uninsured and underinsured motorist coverage to

---

[1] Ivers failed to respond to the complaint, and a default has been entered against him.

Bickford, and from the Municipal Risk Pool, which provided uninsured and underinsured motorist coverage to the Portland Police Department.

## 1. Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

## 2. Bodily Injury Arising out of the Use of an Uninsured Motor Vehicle

Both of the UM policies at issue, as required by 24-A M.R.S. § 2902, provide coverage for bodily injury arising out of the use of an uninsured motor vehicle.[2] There is no dispute for purposes of this motion that uninsured motor vehicles are defined to include underinsured motor vehicles and that the Ivers vehicle was an underinsured vehicle. The first issue raised by

---

[2] Although the stipulation purports to include the relevant declarations and policy pages as exhibits, no such pages were attached to the stipulation filed with the court. However, United Financial quotes its policy as covering "bodily injury . . . arising out of the ownership, maintenance or use of an uninsured motor vehicle," United Financial Motion for Summary Judgment dated June 6, 2017 at 2, and the Municipal Risk Pool states that its policy provisions are similar in all relevant respects to those in the United Financial policy. Municipal Risk Pool Motion for Summary Judgment dated June 15, 2017 at 1. Accordingly, the court can resolve the coverage issue without the missing exhibits.

2

defendants' summary judgment motion is whether the injury of a police officer sustained when his foot caught on a vine is an injury that arose from the use of a motor vehicle.

Under Maine law, it is not required that that the uninsured vehicle must itself produce the injury. *Lanzo v. State Farm Mutual Auto Insurance Co.,* 524 A.2d 47, 50 (Me. 1987) (UM recovery not limited to instances of physical contact with uninsured vehicle). Moreover, the Law Court has broadly interpreted the term "arising out of" in insurance contracts. *Acadia Insurance Co. v. Vermont Mutual Insurance Co.,* 2004 ME 121 ¶¶ 6-8, 860 A.2d 390.

The Law Court has stated that the causal relationship between an injury and the use of a vehicle need not rise to the level of "proximate cause." It is sufficient if there is a "reasonable causal connection" between the use of a vehicle and the injury. *Union Mutual Fire Insurance Co. v. Commercial Union Insurance Co.,* 521 A.2d 308, 311 (Me. 1987). In this case Bickford would not have gotten injured in attempting to descend the embankment to the Ivers vehicle if the Ivers vehicle had not left the road and gone down the embankment.

There is at least a genuine issue for trial as to whether there was a reasonable causal connection between Ivers's apparently negligent use of his vehicle and Bickford's injury. United Financial and the Municipal Risk Pool are not entitled to summary judgment on this issue because the court cannot determine that under the stipulated facts there was no reasonable causal connection between Ivers's use of an uninsured motor vehicle and Bickford's injury.


3. Firefighter Rule

United Financial and the Municipal Risk Pool argue that Bickford's claim against them should be barred by application of the firefighter rule which many jurisdictions have adopted to preclude recovery by firefighters and police officers whose jobs entail confronting dangerous

3

situations and undertaking dangerous rescues. *See, e.g., Boulter v. Eli & Bessie Cohen Foundation,* 97 A.3d 1127, 1130 (N.H. 2014) (neither a firefighter nor a police officer can recover in negligence when the officer's injuries are caused by the same conduct that required the officer's official presence).[3] If the firefighters rule were to apply, it would shield Ivers as well as United Financial and the Municipal Risk Pool from liability.

United Financial and the Municipal Risk Pool argue that a majority of states currently adhere to some variation of the firefighter's rule. Nevertheless, the short answer to their argument is that neither the Law Court nor the Maine Legislature have adopted the firefighter's rule. Moreover, to the extent that the rule is premised on a theory that police and firefighters assume certain risks of injury as part of their jobs, the Law Court has determined that assumption of the risk is no longer a viable defense in Maine in light of the Legislature's adoption of the comparative negligence doctrine. *Wilson v. Gordon,* 354 A.2d 398, 403 (Me. 1976).[4]


4. Proximate/Legal Cause

The argument asserted most forcefully by United Financial and the Municipal Risk Pool is that, even if Bickford's injury had a reasonable causal connection with the use of a motor vehicle and the firefighter's rule does not apply in Maine, the injury sustained by Bickford when

---

[3] In New Hampshire the firefighter rule was first adopted by the New Hampshire Supreme Court in 1987 and was thereafter codified by the New Hampshire Legislature. The New Hampshire Supreme Court has described the rule as resting upon public policy considerations – that because police and firefighters are paid to confront dangerous situations, it is unfair to require citizens to compensate officers a second time for doing their job. *Boulter,* 97 A.3d at 1130. However, it is questionable why public policy should shield a negligent citizen whose actions place police or firefighters at risk. While police and firefighters are paid to confront dangerous situations and are entitled to workers compensation for injuries incurred while confronting such situations in the course of their employment, the court sees no reason why they should not be able to recover for injuries proximately caused by third party negligence – reimbursing the workers compensation system to the extent required for any workers compensation benefits they have received.

[4] There are several specific situations where the Legislature has statutorily retained assumption of the risk. *See Semian v. Ledgemere Transportation Inc.,* 2014 ME 141 ¶ 11, 106 A.3d 405. None of those situations are present in this case.

4

his foot caught on a vine cannot be found to have been proximately caused by negligence on the part of Ivers. If defendants are correct, this would mean that (absent the entry of default that has been entered against Ivers), neither Ivers nor the UM insurer defendants could be found liable in this case.

The Law Court has stated that the term "proximate cause" is potentially confusing, *Wing v. Morse,* 300 A.2d 491, 495 (Me. 1973), and accordingly the court will use the term "legal cause."

The court concludes that under the stipulation there is a disputed issue for trial on the issue of legal causation. Evidence is sufficient to support a finding of legal cause if

> the evidence and inferences that may reasonably be drawn from the evidence indicate that the negligence played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or reasonably foreseeable consequence of the negligence.

*Crowe v. Shaw,* 2000 ME 136 ¶ 10, 755 A.2d 509.

Significantly, the Law Court has stated that a consequence of negligence is reasonably foreseeable

> if the negligence has created a risk which might reasonably be expected to result in the injury of damage at issue, even if the exact nature of the injury need not, itself, be foreseeable.

*Merriam v. Wanger,* 2000 ME 159 ¶ 9, 757 A.2d 778 (emphasis added). It is also not necessary that the specific person injured be reasonably foreseen. *Colvin v. A R Cable Services-ME Inc.,* 1997 ME 163 ¶ 7, 697 A.2d 1289, citing *Quinn v. Moore,* 292 A.2d 846, 850 (Me. 1972).

While the court is obliged to direct a verdict for a defendant if any finding of legal cause would rest solely on speculation or mere possibility, the question of legal cause is generally a question of fact for the jury or for the court as trier of fact. *Merriam v. Wanger,* 2000 ME 159 ¶

5

10. In this case the court concludes that there is a disputed issue for trial as to whether the negligence of Ivers played a "substantial part" in bringing about or actually causing the injury.

Moreover, while it cannot be argued that Bickford's injury was a "direct result" of negligence on the part of Ivers, there is also a disputed issue for trial as to whether an injury to a law enforcement officer while scrambling down an embankment to provide assistance after a vehicle was negligently driven off the road was a "reasonably foreseeable" consequence of negligence on the part of Ivers – given that the exact nature of the injury and the exact person injured need not have been foreseeable.

The trier of fact may decide that the injury to Bickford from catching his foot on a vine is too attenuated from the negligence of Ivers to find that Ivers's negligence played a substantial part in bringing about Bickford's injury. The trier of fact may decide that Bickford catching his foot on a vine is too attenuated to be a reasonably foreseeable consequence of Ivers's negligence. However, the court cannot conclude based on the stipulation, drawing all inferences in favor of the plaintiff, that Bickford's injury was necessarily so attenuated and unforeseeable that summary judgment should be granted to defendants.

Unlike the circumstances presented in *Staelens v. Dobert,* 318 F.3d 77, 79-80 (1st Cir. 2003), where the First Circuit upheld summary judgment against a plaintiff who, three to five hours after a collision, was injured on some equipment that had been placed on the ground by a safety inspector, it appears from the stipulation that Bickford's injury occurred in the immediate aftermath of the accident when Bickford, as a first responder, was attempting to descend to the truck to provide assistance as needed.

6

The entry shall be:

The motions for summary judgment by defendants United Financial Casualty Co. and Maine Municipal Association Property and Casualty Risk Pool are denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October  4  , 2017

Thomas D. Warren
Justice, Superior Court

7